George M. Wallace -- Cal. Bar No. 101472
WALLACE, BROWN & SCHWARTZ
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
Email: gwallace@wbslaw.com
(626) 844-6777; Fax (626) 795-0353

Attorney for Plaintiff LONE STAR SECURITY
& VIDEO, INC., a California corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONE STAR SECURITY & VIDEO, INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY OF LOS ANGELES, et al.<br><br>            Defendants. | ) Case No.: CV 11-02113 ODW (MRWx)<br>)<br>) Consolidated with<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| SAMI AMMARI, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY OF LOS ANGELES,<br><br>            Defendant. | ) Case No.: CV 12-04644 ODW (MRWx)<br>)<br>) **STATEMENT OF**<br>) **UNCONTROVERTED FACTS AND**<br>) **CONCLUSIONS OF LAW IN**<br>) **SUPPORT OF PLAINTIFF SAMI**<br>) **AMMARI'S MOTION FOR**<br>) **SUMMARY JUDGMENT**<br>) **[Fed.R.Civ.P. 56]**<br>)<br>) DATE:            December 9, 2013<br>) TIME:            1:30 p.m.<br>) COURTROOM:   11 |

Statement of Uncontroverted Facts and Conclusions of Law [Ammari] - 1

After consideration of the papers in support of and in opposition to plaintiff's motion for summary judgment, and the oral argument of counsel, the Court determines that the following facts have been established:

**UNCONTROVERTED FACTS**

| Statement of Fact | Evidence |
| --- | --- |
| 1.      California Assembly Bill 2756 was passed by the Legislature on August 25, 2010, was approved by the Governor on September 30, 2010, and became effective January 1, 2011. | 1.      Stipulated by parties as undisputed, Stipulation of Facts re Motions for Summary Judgment, ¶¶1-2, and Exhibit "1" thereto. |
| 2.      California Assembly Bill 1298 was passed by the Legislature in 2011, signed by the Governor on October 7, 2011, and became effective January 1, 2012. | 2.      Stipulated by parties as undisputed, Stipulation of Facts re Motions for Summary Judgment, ¶¶5-6, and Exhibit "3" thereto. |
| 3.      Assembly Bill 1298 amended Vehicle Code §21100, to add new subdivision (p), providing as follows:          "Local authorities may adopt rules and regulations by ordinance or resolution regarding the following matters:                    * * * | 3.      Stipulated by parties as undisputed, Stipulation of Facts re Motions for Summary Judgment, ¶¶5-6, and Exhibit "3" thereto. |

Statement of Uncontroverted Facts and Conclusions of Law [Ammari] - 2

| Statement of Fact | Evidence |
|---|---|
| "(p) (1)  Regulating advertising signs on motor vehicles parked or left standing upon a public street. The ordinance or resolution may establish a minimum distance that the advertising sign shall be moved after a specified time period.<br><br>"(2)  Paragraph (1) does not apply to any of the following:<br><br>"(A)  Advertising signs that are permanently affixed to the body of, an integral part of, or a fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend beyond the overall length, width, or height of the vehicle.<br><br>"(B)  If the license plate frame is installed in compliance with Section 5201, paper advertisements issued by a dealer contained within that license plate frame or any advertisements on that license plate frame.<br><br>"(3)  As used in paragraph (2), "permanently affixed" means any of | |

Statement of Uncontroverted Facts and Conclusions of Law [Ammari] - 3

| Statement of Fact | Evidence |
|---|---|
| the following:<br><br>"(A)  Painted directly on the body of a motor vehicle.<br><br>"(B)  Applied as a decal on the body of a motor vehicle.<br><br>"(C)  Placed in a location on the body of a motor vehicle that was specifically designed by a vehicle manufacturer as defined in Section 672 and licensed pursuant to Section 11701, in compliance with both state and federal law or guidelines, for the express purpose of containing an advertising sign." | |
| 4.    Assembly Bill 1298 amended Vehicle Code §22651, to add new subdivision (w), permitting the removal or impound of certain vehicles under specified conditions as follows:<br><br>"(w)(1)  When a vehicle is parked or left standing in violation of a local ordinance or resolution adopted pursuant to subdivision (p) of Section 21100, if the registered owner of the | 4.    Stipulated by parties as undisputed, Stipulation of Facts re Motions for Summary Judgment, ¶¶5-6, and Exhibit "3" thereto. |

Statement of Uncontroverted Facts and Conclusions of Law [Ammari] - 4

| Statement of Fact | Evidence |
|---|---|
| vehicle was previously issued a warning citation for the same offense pursuant to paragraph (2). | |
| "(2)  Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance regulating advertising signs adopted pursuant to subdivision (p) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance." | |

| Statement of Fact | Evidence |
|---|---|
| 5.      On March 7, 2012, the City Council of the City of Los Angeles adopted Ordinance No. 182083 creating new §87.54 of the Los Angeles Municipal Code regulating advertising signs on motor vehicle parked or left standing on any public street or public lands of the city of Los Angeles. | 5.      Stipulated by parties as undisputed, Stipulation of Facts re Motions for Summary Judgment, ¶¶3-4, and Exhibit "2" thereto. |
| 6.      On April 17, 2013, the City Council of the City of Los Angeles adopted Ordinance No. 182516 amending Los Angeles Municipal Code §87.54 to conform to the most recent amendments to the Vehicle Code. As amended, and as currently in effect, Municipal Code §87.54 provides:<br><br>**REGULATION OF ADVERTISING SIGNS ON MOTOR VEHICLES PARKED OR LEFT STANDING ON CITY STREETS OR PUBLIC LANDS**<br><br>"A motor vehicle may contain advertising signs that are painted | 6.      Stipulated by parties as undisputed, Stipulation of Facts re Motions for Summary Judgment, ¶¶7-8, and Exhibit "4" thereto. |

Statement of Uncontroverted Facts and Conclusions of Law [Ammari] - 6

| Statement of Fact | Evidence |
|---|---|
| directly upon or are permanently affixed to the body of, an integral part of, or fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend beyond the overall length, width, or height of the vehicle.  "Permanently affixed" means any of the following:  (a) painted directly on the body of a motor vehicle; (b) applied as a decal on the body of a motor vehicle; (c) placed in a location on the body of a motor vehicle that was specifically designed by a vehicle manufacturer as defined in California Vehicle Code Section 672 and licensed pursuant to California Vehicle Code Section 11701, in compliance with both state and federal law or guidelines, for the express purpose of containing an advertising sign.  A license plate frame installed in compliance with California Vehicle Code Section 5201 may contain an advertisement on that license plate | |

| Statement of Fact | Evidence |
| --- | --- |
| frame and/or a paper advertisement contained within the license plate frame if the paper advertisement was issued by a motor vehicle dealer.  A motor vehicle in violation of this Section may be impounded pursuant to California Vehicle Code Section 22651(w), Subsections (1) and (2).<br><br>"(a)   **Post Storage Impound Hearing**.<br><br>"Section 22852 of the California Vehicle Code applies to this Section with respect to the removal of any motor vehicle pursuant to California Vehicle Code Section 22651(w)(1). Section 22852 is incorporated by reference as if set forth in full herein and provides, in summary, that whenever an authorized employee of the City directs the storage of a vehicle, the City shall direct the storage operator to provide the vehicle's registered and legal owner(s) of record, or their agent(s), with the opportunity | |

Statement of Uncontroverted Facts and Conclusions of Law [Ammari] - 8

| Statement of Fact | Evidence |
|---|---|
| for a post-storage hearing to determine the validity of the storage.  Notice of the storage shall be mailed or personally delivered to the registered and legal owner(s) within 48 hours, excluding weekends, as specifically provided for under Section 22852 of the California Vehicle Code.  To receive a post-storage hearing, the owner(s) of record, or their agent(s), must request a hearing, in person, in writing or by telephone, within ten days of the date appearing on the notice.  The City may authorize its own officer or employee to conduct the hearing as long as the hearing officer is not the same person who directed the storage of the vehicle.<br><br>"(b)   **Violation - Penalties**<br><br>"After the initial warning citation, a subsequent offense of this Section is a misdemeanor, punishable upon conviction by a fine of not less than Two Hundred Fifty Dollars | |

| Statement of Fact | Evidence |
|---|---|
| ($250.00), nor more than One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for not more than six months, or by both fine and imprisonment.  The City Council may establish from time to time by resolution an increase in the amount of the fine.<br><br>    "(c)    **Severability**<br><br>    "If any subsection, sentence, clause, or phrase of this Section is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, such decision shall not affect the validity of the remaining portions of this Section.  The City Council hereby declares that it would have adopted this Section, and each and every subsection, sentence, clause and phrase thereof not declared invalid or unconstitutional, without regard to whether any portion of the ordinance would be subsequently declared invalid or unconstitutional." | |

Based upon the foregoing Uncontroverted Facts, the Court now makes its

**CONCLUSIONS OF LAW**

1.      Los Angeles Municipal Code §87.54 implements a content based restriction on speech activity, distinguishing on its face between differing varieties of "advertising sign," permitting some and prohibiting others. A content based limitation on speech is only permissible under the First Amendment if the limitation is necessary in support of a compelling governmental interest. No such interest has been identified by the City of Los Angeles. The ordinance, and its authorizing legislation, are accordingly unconstitutional and unenforceable.

2.      Alternatively, should it be determined that the ordinance is content-neutral rather than content-based, it also does not withstand the relevant constitutional analysis. In order to satisfy the test for reasonable regulation of the "time, place and manner" of speech activity, a regulation must be justified without reference to the content of the regulated speech, be narrowly tailored to serve a significant governmental interest, and leave open ample alternative channels for protected speech activity. See, e.g.,  *S.O.C., Inc. v. County of Clark*, 152 F.3d 1136, 1145 (9th Cir. 1998). The legislation and the related ordinance do not satisfy the remaining elements of the "time, place and manner" test.

3.      In particular, while the defendant City of Los Angeles has identified significant interests sought to be advanced by its ordinance, including civic aesthetics and traffic safety, the ordinance is not sufficiently narrowly tailored to serve those interests. The ordinance prohibits more speech activity than is reasonably necessary, and operates in too broad a geographical area, i.e., the

Statement of Uncontroverted Facts and Conclusions of Law [Ammari] - 11

entirety the city. Additionally, the ordinance does not provide any reasonable alternative channels for the speech activity it seeks to regulate.

4.     Plaintiff is entitled to damages for violation of his constitutional rights under color of state law, pursuant to 42 U.S.C. §1983, to the extent he establishes that any vehicles owned or controlled by him have been towed and impounded pursuant to the constitutionally defective motor vehicle "advertising sign" legislative schema.

5.     Plaintiff is entitled to issuance of a mandatory permanent injunction directing the defendant City of Los Angeles and its agencies immediately and henceforth to end enforcement of Municipal Code §87.54, or any future ordinances adopted on authority of Vehicle Code §21100(p) and related legislation.


DATED:


_____
UNITED STATES DISTRICT JUDGE