MICHAEL N. FEUER, City Attorney (SBN 111529)
**LAURIE RITTENBERG**, Assistant City Attorney (SBN 106683)
**KIMBERLY A. ERICKSON**, Deputy City Attorney (SBN 213634)
200 N. Main Street, City Hall East, Room 916
Los Angeles, CA 90012
Telephone (213) 473-6877
Facsimile (213) 473-6818
Kimberly.Erickson@lacity.org

Attorneys for Defendant
**CITY OF LOS ANGELES**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LONE STAR SECURITY & VIDEO, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.<br><br>Defendants. | Case No. : CV 11-02113 ODW (MRW)<br><br>**STIPULATION OF FACTS RE: MOTION FOR SUMMARY JUDGMENT [AMMARI]**<br><br>Date:   December 9, 2013<br>Time:   1:30 p.m.<br>Ctrm:   11 |
| SAMI AMMARI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | |

1

STIPULATION OF FACTS

# STIPULATION OF FACTS

Plaintiff SAMI AMMARI ("Plaintiff") and Defendant CITY OF LOS ANGELES ("Defendant") (jointly referred to as the "Parties"), by and through their attorneys of record, hereby admit and stipulate to the following facts, which the Parties intend to be conclusively established as true, and accordingly, must be regarded by the trier of fact as proved:

1. California Assembly Bill 2756 was passed by the Legislature on August 25, 2010, was approved by the Governor on September 30, 2010, and became effective January 1, 2011.

2. A true and correct copy of California Assembly Bill 2756 is attached to this Stipulation marked as Exhibit "1." The Parties stipulate to the admissibility of this document for all purposes in this case.

3. On March 7, 2012, the City Council of the City of Los Angeles adopted Ordinance No. 182083 creating new §87.54 of the Los Angeles Municipal Code regulating advertising signs on motor vehicles parked or left standing on any public street or public lands in the City of Los Angeles.

4. A true and correct copy of City of Los Angeles Ordinance No. 182083 is attached to this Stipulation marked as Exhibit "2." The Parties stipulate to the admissibility of this document for all purposes in this case.

STIPULATION OF FACTS

5. In the 2011 legislative session, the California legislature passed Assembly Bill 1298, which was subsequently signed into law, was approved by the Governor on October 7, 2011 and became effective January 1, 2012.

6. A true and correct copy of California Assembly Bill 1298 is attached to this Stipulation marked as Exhibit "3." The Parties stipulate to the admissibility of this document for all purposes in this case.

7. On April 17, 2013, the City Council of the City of Los Angeles adopted Ordinance No. 182516 amending §87.54 of the Los Angeles Municipal Code to conform to recent amendments made by the State Legislature to California Vehicle Code Section 21100(p)(2) regulating advertising signs on motor vehicles.

8. A true and correct copy of City of Los Angeles Ordinance No. 182516 is attached to this Stipulation marked as Exhibit "4." The Parties stipulate to the admissibility of this document for all purposes in this case.

9. Plaintiff is pursuing only a facial challenge to Los Angeles Municipal Code §87.54 and not an "as applied" challenge.

**IT IS SO STIPULATED.**

3

STIPULATION OF FACTS

DATED: November 7, 2013        Respectfully submitted,


WALLACE, BROWN & SCHWARTZ


By: _____ /s/ George M. Wallace
        GEORGE M. WALLACE
Attorneys for Plaintiff LONE STAR SECURITY &
VIDEO, INC.



MICHAEL N. FEURER, City Attorney
LAURIE RITTENBERG, Assistant City Attorney
KIMBERLY A. ERICKSON, Deputy City Attorney

By: _____ /s/ Kimberly A. Erickson
        KIMBERLY A. ERICKSON
Attorneys for Defendant CITY OF LOS ANGELES

4

STIPULATION OF FACTS

# EXHIBIT 1

#### Assembly Bill No. 2756

#### CHAPTER 615

An act to amend Sections 21100 and 22651 of, and to add Section 395.5 to, the Vehicle Code, relating to mobile billboard advertising displays.

[Approved by Governor September 30, 2010. Filed with
Secretary of State September 30, 2010.]

LEGISLATIVE COUNSEL'S DIGEST

AB 2756, Blumenfield. Mobile billboard advertising displays: local ordinances.

(1) The Planning and Zoning Law authorizes the legislative body of a city or county to adopt ordinances that regulate, among other things, signs and billboards.

Existing law prohibits a local authority from enacting or enforcing an ordinance on matters covered by the Vehicle Code unless expressly authorized by the code.

This bill would expressly authorize a local authority to regulate mobile billboard advertising displays, as defined, including the establishment of penalties.

Existing law authorizes a peace officer, or a regularly employed and salaried public employee who is engaged in directing traffic or enforcing parking laws and regulations, to remove a vehicle located within the territorial limits in which the officer or employee is allowed to act under specified and enumerated circumstances, including when a vehicle is parked or left standing where local authorities by resolution or ordinance have prohibited parking and have authorized the removal of vehicles. Existing law also requires that a vehicle may not be removed unless signs are posted giving notice of the removal.

This bill would authorize the removal of a vehicle under these provisions when the vehicle is a mobile billboard advertising display and is parked or left standing in violation of a local resolution or ordinance, if the registered owner of the vehicle was previously issued a warning citation for the same offense. The bill would authorize a city or county, in lieu of posting signs with respect to the ordinance, to provide notice, prior to removal of a vehicle, by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties, including the removal of the vehicle, upon a subsequent violation of the ordinance. The bill would provide that a city or county is not required to provide any further notice for a subsequent violation prior to enforcing those penalties.

(2) This bill would incorporate changes to Section 21100 of the Vehicle Code proposed by both this bill and AB 2294, which would become operative

94

EXHIBIT 1

000005

Ch. 615                        — 2 —

only if both bills are enacted and become effective on or before January 1, 2011, and this bill is enacted last.

*The people of the State of California do enact as follows:*

SECTION 1.  The Legislature finds and declares all of the following:

(a)  Communities across the state are experiencing a surge in mobile billboards. These portable advertising signs on vehicles or trailers are driven to a location where they are detached and parked on city streets for hours, and often several days.

(b)  Not only are mobile billboards a visual blight, but they pose a significant safety hazard when motorists are forced to veer around them into the next lane of traffic. Mobile billboards also reduce available on-street parking and impair the visibility of pedestrians and drivers.

(c)  Local jurisdictions throughout the state have attempted to regulate mobile billboards, but these efforts have become mired in litigation and are difficult to enforce. Therefore, the Legislature declares that it is necessary to empower local jurisdictions to address this serious public nuisance and to protect public safety.

SEC. 2.  Section 395.5 is added to the Vehicle Code, to read:

395.5.  A "mobile billboard advertising display" means an advertising display that is attached to a wheeled, mobile, nonmotorized vehicle, that carries, pulls, or transports a sign or billboard, and is for the primary purpose of advertising.

SEC. 3.  Section 21100 of the Vehicle Code is amended to read:

21100.  Local authorities may adopt rules and regulations by ordinance or resolution regarding the following matters:

(a)  Regulating or prohibiting processions or assemblages on the highways.

(b)  Licensing and regulating the operation of vehicles for hire and drivers of passenger vehicles for hire.

(c)  Regulating traffic by means of traffic officers.

(d)  Regulating traffic by means of official traffic control devices meeting the requirements of Section 21400.

(e)  (1)  Regulating traffic by means of a person given temporary or permanent appointment for that duty by the local authority when official traffic control devices are disabled or otherwise inoperable, at the scenes of accidents or disasters, or at locations as may require traffic direction for orderly traffic flow.

(2)  A person shall not be appointed pursuant to this subdivision unless and until the local authority has submitted to the commissioner or to the chief law enforcement officer exercising jurisdiction in the enforcement of traffic laws within the area in which the person is to perform the duty, for review, a proposed program of instruction for the training of a person for that duty, and unless and until the commissioner or other chief law enforcement officer approves the proposed program. The commissioner or other chief law enforcement officer shall approve a proposed program if he

94

EXHIBIT 1                                          000006

— 3 —                                    Ch. 615

or she reasonably determines that the program will provide sufficient training for persons assigned to perform the duty described in this subdivision.

(f) Regulating traffic at the site of road or street construction or maintenance by persons authorized for that duty by the local authority.

(g) (1) Licensing and regulating the operation of tow truck service or tow truck drivers whose principal place of business or employment is within the jurisdiction of the local authority, excepting the operation and operators of any auto dismantlers' tow vehicle licensed under Section 11505 or any tow truck operated by a repossessing agency licensed under Chapter 11 (commencing with Section 7500) of Division 3 of the Business and Professions Code and its registered employees.

(2) The Legislature finds that the safety and welfare of the general public is promoted by permitting local authorities to regulate tow truck service companies and operators by requiring licensure, insurance, and proper training in the safe operation of towing equipment, thereby ensuring against towing mistakes that may lead to violent confrontation, stranding motorists in dangerous situations, impeding the expedited vehicle recovery, and wasting state and local law enforcement's limited resources.

(3) This subdivision shall not limit the authority of a city or city and county pursuant to Section 12111.

(h) Operation of bicycles, and, as specified in Section 21114.5, electric carts by physically disabled persons, or persons 50 years of age or older, on the public sidewalks.

(i) Providing for the appointment of nonstudent school crossing guards for the protection of persons who are crossing a street or highway in the vicinity of a school or while returning thereafter to a place of safety.

(j) Regulating the methods of deposit of garbage and refuse in streets and highways for collection by the local authority or by any person authorized by the local authority.

(k) (1) Regulating cruising.

(2) The ordinance or resolution adopted pursuant to this subdivision shall regulate cruising, which is the repetitive driving of a motor vehicle past a traffic control point in traffic that is congested at or near the traffic control point, as determined by the ranking peace officer on duty within the affected area, within a specified time period and after the vehicle operator has been given an adequate written notice that further driving past the control point will be a violation of the ordinance or resolution.

(3) A person is not in violation of an ordinance or resolution adopted pursuant to this subdivision unless both of the following apply:

(A) That person has been given the written notice on a previous driving trip past the control point and then again passes the control point in that same time interval.

(B) The beginning and end of the portion of the street subject to cruising controls are clearly identified by signs that briefly and clearly state the appropriate provisions of this subdivision and the local ordinance or resolution on cruising.

94

EXHIBIT 1                              000007

(*l*) Regulating or authorizing the removal by peace officers of vehicles unlawfully parked in a fire lane, as described in Section 22500.1, on private property. A removal pursuant to this subdivision shall be consistent, to the extent possible, with the procedures for removal and storage set forth in Chapter 10 (commencing with Section 22650).

(m) Regulating mobile billboard advertising displays, as defined in Section 395.5, including the establishment of penalties, which may include, but is not limited to, removal of the mobile billboard advertising display and misdemeanor criminal penalties, for a violation of the ordinance or resolution.

SEC. 3.5. Section 21100 of the Vehicle Code is amended to read:

21100. Local authorities may adopt rules and regulations by ordinance or resolution regarding the following matters:

(a) Regulating or prohibiting processions or assemblages on the highways.

(b) Licensing and regulating the operation of vehicles for hire and drivers of passenger vehicles for hire.

(c) Regulating traffic by means of traffic officers.

(d) Regulating traffic by means of official traffic control devices meeting the requirements of Section 21400.

(e) (1) Regulating traffic by means of a person given temporary or permanent appointment for that duty by the local authority when official traffic control devices are disabled or otherwise inoperable, at the scenes of accidents or disasters, or at locations as may require traffic direction for orderly traffic flow.

(2) A person shall not be appointed pursuant to this subdivision unless and until the local authority has submitted to the commissioner or to the chief law enforcement officer exercising jurisdiction in the enforcement of traffic laws within the area in which the person is to perform the duty, for review, a proposed program of instruction for the training of a person for that duty, and unless and until the commissioner or other chief law enforcement officer approves the proposed program. The commissioner or other chief law enforcement officer shall approve a proposed program if he or she reasonably determines that the program will provide sufficient training for persons assigned to perform the duty described in this subdivision.

(f) Regulating traffic at the site of road or street construction or maintenance by persons authorized for that duty by the local authority.

(g) (1) Licensing and regulating the operation of tow truck service or tow truck drivers whose principal place of business or employment is within the jurisdiction of the local authority, excepting the operation and operators of any auto dismantlers' tow vehicle licensed under Section 11505 or any tow truck operated by a repossessing agency licensed under Chapter 11 (commencing with Section 7500) of Division 3 of the Business and Professions Code and its registered employees.

(2) The Legislature finds that the safety and welfare of the general public is promoted by permitting local authorities to regulate tow truck service companies and operators by requiring licensure, insurance, and proper training in the safe operation of towing equipment, thereby ensuring against

EXHIBIT 1

000008

towing mistakes that may lead to violent confrontation, stranding motorists in dangerous situations, impeding the expedited vehicle recovery, and wasting state and local law enforcement's limited resources.

(3) This subdivision does not limit the authority of a city or city and county pursuant to Section 12111.

(h) Operation of bicycles, and, as specified in Section 21114.5, electric carts by physically disabled persons, or persons 50 years of age or older, on the public sidewalks.

(i) Providing for the appointment of nonstudent school crossing guards for the protection of persons who are crossing a street or highway in the vicinity of a school or while returning thereafter to a place of safety.

(j) Regulating the methods of deposit of garbage and refuse in streets and highways for collection by the local authority or by any person authorized by the local authority.

(k) (1) Regulating cruising.

(2) The ordinance or resolution adopted pursuant to this subdivision shall regulate cruising, which is the repetitive driving of a motor vehicle past a traffic control point in traffic that is congested at or near the traffic control point, as determined by the ranking peace officer on duty within the affected area, within a specified time period and after the vehicle operator has been given an adequate written notice that further driving past the control point will be a violation of the ordinance or resolution.

(3) A person is not in violation of an ordinance or resolution adopted pursuant to this subdivision unless both of the following apply:

(A) That person has been given the written notice on a previous driving trip past the control point and then again passes the control point in that same time interval.

(B) The beginning and end of the portion of the street subject to cruising controls are clearly identified by signs that briefly and clearly state the appropriate provisions of this subdivision and the local ordinance or resolution on cruising.

(l) Regulating or authorizing the removal by peace officers of vehicles unlawfully parked in a fire lane, as described in Section 22500.1, on private property. A removal pursuant to this subdivision shall be consistent, to the extent possible, with the procedures for removal and storage set forth in Chapter 10 (commencing with Section 22650).

(m) Regulating mobile billboard advertising displays, as defined in Section 395.5, including the establishment of penalties, which may include, but is not limited to, removal of the mobile billboard advertising display and misdemeanor criminal penalties, for a violation of the ordinance or resolution.

(n) Licensing and regulating the operation of pedicabs for hire, as defined in Section 467.5, and operators of pedicabs for hire, including requiring one or more of the following documents:

(1) A valid California driver's license.

94

EXHIBIT 1                    000009

Ch. 615                        — 6 —

(2) Proof of successful completion of a bicycle safety training course certified by the League of American Bicyclists or an equivalent organization as determined by the local authority.

(3) A valid California identification card and proof of successful completion of the written portion of the California driver's license examination administered by the department. The department shall administer, without charging a fee, the original driver's license written examination on traffic laws and signs to a person who states that he or she is, or intends to become, a pedicab operator, and who holds a valid California identification card or has successfully completed an application for a California identification card. If the person achieves a passing score on the examination, the department shall issue a certificate of successful completion of the examination, bearing the person's name and identification card number. The certificate shall not serve in lieu of successful completion of the required examination administered as part of any subsequent application for a driver's license. The department is not required to enter the results of the examination into the computerized record of the person's identification card or otherwise retain a record of the examination or results.

SEC. 4. Section 22651 of the Vehicle Code is amended to read:

22651. A peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or a regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations, of a city, county, or jurisdiction of a state agency in which a vehicle is located, may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances:

(a) When a vehicle is left unattended upon a bridge, viaduct, or causeway or in a tube or tunnel where the vehicle constitutes an obstruction to traffic.

(b) When a vehicle is parked or left standing upon a highway in a position so as to obstruct the normal movement of traffic or in a condition so as to create a hazard to other traffic upon the highway.

(c) When a vehicle is found upon a highway or public land and a report has previously been made that the vehicle is stolen or a complaint has been filed and a warrant thereon is issued charging that the vehicle was embezzled.

(d) When a vehicle is illegally parked so as to block the entrance to a private driveway and it is impractical to move the vehicle from in front of the driveway to another point on the highway.

(e) When a vehicle is illegally parked so as to prevent access by firefighting equipment to a fire hydrant and it is impracticable to move the vehicle from in front of the fire hydrant to another point on the highway.

(f) When a vehicle, except highway maintenance or construction equipment, is stopped, parked, or left standing for more than four hours upon the right-of-way of a freeway that has full control of access and no crossings at grade and the driver, if present, cannot move the vehicle under its own power.

94

EXHIBIT 1                                        0000010

— 7 —

Ch. 615

(g) When the person in charge of a vehicle upon a highway or public land is, by reason of physical injuries or illness, incapacitated to an extent so as to be unable to provide for its custody or removal.

(h) (1) When an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody.

(2) When an officer serves a notice of an order of suspension or revocation pursuant to Section 13388 or 13389.

(i) (1) When a vehicle, other than a rented vehicle, is found upon a highway or public land, or is removed pursuant to this code, and it is known that the vehicle has been issued five or more notices of parking violations to which the owner or person in control of the vehicle has not responded within 21 calendar days of notice of citation issuance or citation issuance or 14 calendar days of the mailing of a notice of delinquent parking violation to the agency responsible for processing notices of parking violations, or the registered owner of the vehicle is known to have been issued five or more notices for failure to pay or failure to appear in court for traffic violations for which a certificate has not been issued by the magistrate or clerk of the court hearing the case showing that the case has been adjudicated or concerning which the registered owner's record has not been cleared pursuant to Chapter 6 (commencing with Section 41500) of Division 17, the vehicle may be impounded until that person furnishes to the impounding law enforcement agency all of the following:

(A) Evidence of his or her identity.

(B) An address within this state at which he or she can be located.

(C) Satisfactory evidence that all parking penalties due for the vehicle and all other vehicles registered to the registered owner of the impounded vehicle, and all traffic violations of the registered owner, have been cleared.

(2) The requirements in subparagraph (C) of paragraph (1) shall be fully enforced by the impounding law enforcement agency on and after the time that the Department of Motor Vehicles is able to provide access to the necessary records.

(3) A notice of parking violation issued for an unlawfully parked vehicle shall be accompanied by a warning that repeated violations may result in the impounding of the vehicle. In lieu of furnishing satisfactory evidence that the full amount of parking penalties or bail has been deposited, that person may demand to be taken without unnecessary delay before a magistrate, for traffic offenses, or a hearing examiner, for parking offenses, within the county in which the offenses charged are alleged to have been committed and who has jurisdiction of the offenses and is nearest or most accessible with reference to the place where the vehicle is impounded. Evidence of current registration shall be produced after a vehicle has been impounded, or, at the discretion of the impounding law enforcement agency, a notice to appear for violation of subdivision (a) of Section 4000 shall be issued to that person.

(4) A vehicle shall be released to the legal owner, as defined in Section 370, if the legal owner does all of the following:

94

EXHIBIT 1

0000011

Ch. 615                            — 8 —

(A) Pays the cost of towing and storing the vehicle.

(B) Submits evidence of payment of fees as provided in Section 9561.

(C) Completes an affidavit in a form acceptable to the impounding law enforcement agency stating that the vehicle was not in possession of the legal owner at the time of occurrence of the offenses relating to standing or parking. A vehicle released to a legal owner under this subdivision is a repossessed vehicle for purposes of disposition or sale. The impounding agency shall have a lien on any surplus that remains upon sale of the vehicle to which the registered owner is or may be entitled, as security for the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5. The legal owner shall promptly remit to, and deposit with, the agency responsible for processing notices of parking violations from that surplus, on receipt of that surplus, the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5.

(5) The impounding agency that has a lien on the surplus that remains upon the sale of a vehicle to which a registered owner is entitled pursuant to paragraph (4) has a deficiency claim against the registered owner for the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5, less the amount received from the sale of the vehicle.

(j) When a vehicle is found illegally parked and there are no license plates or other evidence of registration displayed, the vehicle may be impounded until the owner or person in control of the vehicle furnishes the impounding law enforcement agency evidence of his or her identity and an address within this state at which he or she can be located.

(k) When a vehicle is parked or left standing upon a highway for 72 or more consecutive hours in violation of a local ordinance authorizing removal.

(l) When a vehicle is illegally parked on a highway in violation of a local ordinance forbidding standing or parking and the use of a highway, or a portion thereof, is necessary for the cleaning, repair, or construction of the highway, or for the installation of underground utilities, and signs giving notice that the vehicle may be removed are erected or placed at least 24 hours prior to the removal by a local authority pursuant to the ordinance.

(m) When the use of the highway, or a portion of the highway, is authorized by a local authority for a purpose other than the normal flow of traffic or for the movement of equipment, articles, or structures of unusual size, and the parking of a vehicle would prohibit or interfere with that use or movement, and signs giving notice that the vehicle may be removed are erected or placed at least 24 hours prior to the removal by a local authority pursuant to the ordinance.

(n) Whenever a vehicle is parked or left standing where local authorities, by resolution or ordinance, have prohibited parking and have authorized the removal of vehicles. Except as provided in subdivision (v), a vehicle shall not be removed unless signs are posted giving notice of the removal.

94

EXHIBIT 1                                    0000012

(o) (1) When a vehicle is found or operated upon a highway, public land, or an offstreet parking facility under the following circumstances:

(A) With a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the offstreet parking facility.

(B) Displaying in, or upon, the vehicle, a registration card, identification card, temporary receipt, license plate, special plate, registration sticker, device issued pursuant to Section 4853, or permit that was not issued for that vehicle, or is not otherwise lawfully used on that vehicle under this code.

(C) Displaying in, or upon, the vehicle, an altered, forged, counterfeit, or falsified registration card, identification card, temporary receipt, license plate, special plate, registration sticker, device issued pursuant to Section 4853, or permit.

(2) When a vehicle described in paragraph (1) is occupied, only a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, may remove the vehicle.

(3) For the purposes of this subdivision, the vehicle shall be released to the owner or person in control of the vehicle only after the owner or person furnishes the storing law enforcement agency with proof of current registration and a currently valid driver's license to operate the vehicle.

(4) As used in this subdivision, "offstreet parking facility" means an offstreet facility held open for use by the public for parking vehicles and includes a publicly owned facility for offstreet parking, and a privately owned facility for offstreet parking if a fee is not charged for the privilege to park and it is held open for the common public use of retail customers.

(p) When the peace officer issues the driver of a vehicle a notice to appear for a violation of Section 12500, 14601, 14601.1, 14601.2, 14601.3, 14601.4, 14601.5, or 14604 and the vehicle is not impounded pursuant to Section 22655.5. A vehicle so removed from the highway or public land, or from private property after having been on a highway or public land, shall not be released to the registered owner or his or her agent, except upon presentation of the registered owner's or his or her agent's currently valid driver's license to operate the vehicle and proof of current vehicle registration, or upon order of a court.

(q) When a vehicle is parked for more than 24 hours on a portion of highway that is located within the boundaries of a common interest development, as defined in subdivision (c) of Section 1351 of the Civil Code, and signs, as required by paragraph (1) of subdivision (a) of Section 22658 of this code, have been posted on that portion of highway providing notice to drivers that vehicles parked thereon for more than 24 hours will be removed at the owner's expense, pursuant to a resolution or ordinance adopted by the local authority.

(r) When a vehicle is illegally parked and blocks the movement of a legally parked vehicle.

(s) (1) When a vehicle, except highway maintenance or construction equipment, an authorized emergency vehicle, or a vehicle that is properly

EXHIBIT 1                           0000013

permitted or otherwise authorized by the Department of Transportation, is stopped, parked, or left standing for more than eight hours within a roadside rest area or viewpoint.

(2) Notwithstanding paragraph (1), when a commercial motor vehicle, as defined in paragraph (1) of subdivision (b) of Section 15210, is stopped, parked, or left standing for more than 10 hours within a roadside rest area or viewpoint.

(3) For purposes of this subdivision, a roadside rest area or viewpoint is a publicly maintained vehicle parking area, adjacent to a highway, utilized for the convenient, safe stopping of a vehicle to enable motorists to rest or to view the scenery. If two or more roadside rest areas are located on opposite sides of the highway, or upon the center divider, within seven miles of each other, then that combination of rest areas is considered to be the same rest area.

(t) When a peace officer issues a notice to appear for a violation of Section 25279.

(u) When a peace officer issues a citation for a violation of Section 11700 and the vehicle is being offered for sale.

(v) (1) When a vehicle is a mobile billboard advertising display, as defined in Section 395.5, and is parked or left standing in violation of a local resolution or ordinance adopted pursuant to subdivision (m) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2).

(2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance prohibiting mobile billboard advertising displays adopted pursuant to subdivision (m) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance, that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance.

SEC. 5. Section 3.5 of this bill incorporates amendments to Section 21100 of the Vehicle Code proposed by both this bill and AB 2294. It shall only become operative if (1) both bills are enacted and become effective on or before January 1, 2011, (2) each bill amends Section 21100 of the Vehicle Code, and (3) this bill is enacted after AB 2294, in which case Section 3 of this bill shall not become operative.

O

94

EXHIBIT 1                          0000014

# EXHIBIT 2

ORDINANCE NO. ___182083___

An Ordinance amending Los Angeles Municipal Code Sections 87.53 and 87.54 to conform with amendments made by the California Legislature to California Vehicle Code Section 21100, which allow the City to regulate the parking of mobile billboard advertising displays, either standing alone or attached to motor vehicles, on public streets or any public lands in the City and to regulate the size, width and height of advertisements attached to motor vehicles.

The City finds and declares the following:

WHEREAS, the City has experienced a surge in mobile billboard advertising displays that are attached to vehicles or trailers that are then driven to a location where they are detached and parked on City streets for hours, and often several days;

WHEREAS, mobile billboard advertising displays are not only a visual blight, but also pose significant safety hazards when motorists are forced to veer around them into the next lane of traffic, or forced to come to sudden stops when these unhitched trailers are pushed into traffic lanes by the wind or by vandals;

WHEREAS, mobile billboard advertising displays, standing alone in the street or attached to motor vehicles, reduce available on-street parking and impair the visibility of pedestrians and drivers;

WHEREAS, mobile billboard advertising displays are a public nuisance that are routinely vandalized, diminishing the aesthetic appearance of the City and the quality of life of its residents;

WHEREAS, the owners and operators of mobile billboard advertising displays have routinely parked the devices in residential neighborhoods for weeks at a time, blighting the neighborhoods and provoking arguments with residents, including one highly publicized incident where an owner of a mobile billboard advertising display parked in front of a residence and confronted a resident at gunpoint;

WHEREAS, the California Legislature amended Section 21100 of the California Vehicle Code in 2010 to allow local authorities to adopt rules and regulations by ordinance or resolution regulating mobile billboard advertising displays as defined in Section 395.5 of the California Vehicle Code, including the establishment of penalties, which may include, but are not limited to, removal of the mobile billboard advertising display pursuant to Section 22651(v)(2) of the California Vehicle Code, and misdemeanor criminal penalties for a violation of the ordinance or resolution;

WHEREAS, the City in 2010 adopted a local ordinance, Los Angeles Municipal Code Section 87.53, prohibiting mobile billboard advertising displays as defined in California Vehicle Code Section 395.5;

1

EXHIBIT 2                    0000015

**WHEREAS**, violators of Los Angeles Municipal Code Section 87.53 have attached mobile billboard advertising displays, as defined under California Vehicle Section 395.5, to bicycles and other devices in an effort to circumvent the law;

**WHEREAS**, the California Legislature amended Section 395.5 of the California Vehicle Code in 2011, effective January 1, 2012, to clarify to violators of a local ordinance prohibiting mobile billboard devices, as defined under Section 395.5, that a "mobile billboard advertising display means an advertising display that is attached to a mobile, non-motorized vehicle, device, or bicycle, that carries, pulls, or transports a sign or billboard, and is for the primary purpose of advertising;"

**WHEREAS**, the California Legislature has amended Subdivision (p)(1) of Section 21100 of the California Vehicle Code to allow local authorities to regulate advertising signs on motor vehicles parked or left standing upon a public street, including establishing, through a local ordinance or resolution, a minimum distance that the advertising sign shall be moved after a specified time;

**WHEREAS**, the California Legislature has amended Subdivision (p)(2) of Section 21100 of the California Vehicle Code to state that Subdivision (p)(1) of Section 21100 does not apply to advertising signs that are painted directly upon or are permanently affixed to the body of, an integral part of, or fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend beyond the overall length, width or height of the vehicle;

**WHEREAS** the California Legislature in amending Subdivision (p)(2) of Section 21100 of the California Vehicle Code did not include an exception to Subdivision (p)(1) that would exclude local authorities from regulating mobile billboard displays, either by resolution or ordinance, including prohibiting the standing or parking of a mobile billboard display pursuant to California Vehicle Code Section 22651(v)(2), either standing alone or attached to a motor vehicle, on any public street or public lands in the City;

**WHEREAS**, mobile billboard advertising displays, standing alone or attached to motor vehicles, have been routinely observed to be lacking the safety equipment as required under California Vehicle Sections 24250, 24600, 24603, 24604, 24607, 24950 and 29000, *et seq.*, in order to be safely hitched, driven, moved, parked or left standing on the public streets in the City; therefore, posing a safety hazard for vehicular traffic;

**WHEREAS**, mobile billboard advertising displays, either standing alone or attached to a motor vehicle, have been routinely observed to be in violation of California Vehicle Code Section 4000, which prohibits a trailer from being driven, moved, or left standing on a highway unless it is registered and appropriate fees have been paid under the permanent trailer identification program set forth in California Vehicle Code Section 5014.1;

2

EXHIBIT 2                                      0000016

WHEREAS, mobile billboard advertising displays attached to motor vehicles parked or left standing on City streets have been observed to be in violation of California Vehicle Code Section 5017, which makes it unlawful to attach or use a trailer identification plate issued to a trailer pursuant to California Vehicle Code Section 5014.1 on any other trailer or equipment;

WHEREAS, mobile billboard advertising displays attached to motor vehicles parked or left standing on City streets have been observed to be in violation of California Vehicle Code Sections 22511.56 and 22511.57, which make it unlawful to misuse a disabled person placard or plate, including when a disabled placard or plate is displayed on a vehicle that is not being used to transport, and is not in the reasonable proximity of, the person to whom the license plate or placard was issued or a person who is authorized to be transported in the vehicle displaying that placard or license plate; or when the license plate or placard has been reported as lost, stolen, surrendered; canceled, revoked, or expired, or was issued to a person who has been reported as deceased for a period exceeding 60 days;

WHEREAS, the California Legislature has amended Subdivision (v)(1) of Section 22651 of the California Vehicle Code to allow a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or a regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations, of a city, county or jurisdiction of a state agency in which a vehicle is located, to remove a vehicle located within the territorial limits when a vehicle is a mobile billboard advertising display, as defined in Section 395.5 of the California Vehicle Code, and is parked or left standing in violation of a local resolution or ordinance adopted pursuant to Subdivision (m) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense;

WHEREAS, the California Legislature has amended Subdivision (v)(2) of Section 22651 of the California Vehicle Code, notwithstanding Subdivision (a) of Section 22507, to allow a city or county, in lieu of posting signs noticing a local ordinance prohibiting mobile billboard advertising displays adopted pursuant to Subdivision (m) of Section 21100, to provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance, that may include the removal of the vehicle as provided in paragraph (1) of Subdivision (v) of Section 22651;

WHEREAS, the California Legislature has amended Subdivision (v)(2) of Section 22651 of the California Vehicle Code so that a city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of a local ordinance as authorized under Subdivision (m) of Section 21100 of the California Vehicle Code;

WHEREAS, the California Legislature has amended Subdivision (w)(1) of Section 22651 of the California Vehicle Code to allow local authorities to impound motor vehicles parked or left standing in violation of a local ordinance or resolution adopted

3

EXHIBIT 2                                    0000017

pursuant to subdivision (p) of Section 21100 of the California Vehicle Code, if the registered owner of the vehicle was previously issued a warning citation for the same offense;

**WHEREAS**, the California Legislature has amended Subdivision (w)(2) of Section 22651 of the California Vehicle Code, notwithstanding Subdivision (a) of Section 22507, to allow a city or county, in lieu of posting signs noticing a local ordinance regulating advertising signs adopted to Subdivision (p) of Section 21100, to provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance, that may include the removal of the vehicle as provided in paragraph (1) of Subdivision (w) of Section 22651;

**WHEREAS**, the California Legislature has amended Subdivision (w)(2) of Section 22651 of the California Vehicle Code so that a city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of a local ordinance as authorized under Subdivision (p) of Section 21100 of the California Vehicle Code; and

**WHEREAS**, advertising signs improperly attached to a motor vehicle or placed entirely over the windows of the motor vehicle or that exceed the length, width or height of the vehicle pose a safety risk to vehicular traffic and to pedestrians.

**NOW, THEREFORE,**

### THE PEOPLE OF THE CITY OF LOS ANGELES
### DO ORDAIN AS FOLLOWS:

Section 1. Section 87.53 of the Los Angeles Municipal Code is amended to read as follows:

## SEC. 87.53. REGULATION OF MOBILE BILLBOARD ADVERTISING DISPLAYS.

It shall be unlawful for any person to park a mobile billboard advertising display, as defined under Section 395.5 of the California Vehicle Code, either standing alone or attached to a motor vehicle, on any public street or public lands in the City of Los Angeles.

(a)    **Mobile Billboard Advertising Display Definition.** Section 395.5 of the California Vehicle Code applies to this Chapter with respect to the definition of a mobile billboard advertising display. Section 395.5 of the California Vehicle Code is incorporated by reference and states:

"395.5. A "mobile billboard advertising display" means an advertising display that is attached to a mobile, non-motorized vehicle, device, or

4

EXHIBIT 2                                        0000018

bicycle that carries, pulls, or transports a sign or billboard, and is for the primary purpose of advertising."

(b)    **Removal of Mobile Billboard Advertising Displays Authorized.**
Pursuant to Section 22651, Subdivisions (v) and (w), of the California Vehicle Code, any peace officer, or any regularly employed and salaried employee of the City, who is authorized to engage and is engaged in directing traffic or enforcing parking laws and regulations may remove, or cause to be removed, the mobile billboard advertising display, or anything that the mobile billboard display is attached to including a motor vehicle, located within the territorial limits of the City when the mobile billboard advertising display is found upon any public street or any public lands, if all of the following requirements are satisfied:

1.    When a mobile billboard advertising display, as defined in Section 395.5 of the California Vehicle Code, either standing alone or attached to a motor vehicle, and is parked or left standing in violation of this Code, if the registered owner of the vehicle or display was previously issued a warning citation for the same offense;

2.    A warning citation was issued to a first-time offender at least 24 hours prior to the removal of the vehicle or display. The City is not required pursuant to Section 22651(v)(2) and Section 22651(w)(2) of the California Vehicle Code to provide further notice for a subsequent violation prior to enforcement; and

3.    The warning citation advised the registered owner of the vehicle or display that he or she may be subject to penalties upon a subsequent violation of the ordinance that may include the removal of the vehicle or display.

(c)    **Post Storage Impound Hearing.** Section 22852 of the California Vehicle Code applies to this Section with respect to the removal of any mobile billboard advertising display vehicle. Section 22852 is incorporated by reference as if set forth in full herein and provides, in summary, that whenever an authorized employee of the City directs the storage of a vehicle, the City shall direct the storage operator to provide the vehicle's registered and legal owner(s) of record, or their agent(s), with the opportunity for a post-storage hearing to determine the validity of the storage. Notice of the storage shall be mailed or personally delivered to the registered and legal owner(s) within 48 hours, excluding weekends, as specifically provided for under Section 22852 of the California Vehicle Code. To receive a post-storage hearing, the owner(s) of record, or their agent(s), must request a hearing in person, in writing, or by telephone within ten days of the date appearing on the notice. The City may authorize its own officer or employee to conduct the hearing as long as the hearing officer is not the same person who directed the storage of the vehicle.

(d)    **Violation – Penalties.** After the initial warning citation, a subsequent offense of this Section is a misdemeanor, punishable upon conviction by a fine of not

5

EXHIBIT 2                                    0000019

less than Two Hundred Fifty Dollars ($250), nor more than One Thousand Dollars ($1,000), or by imprisonment in the county jail for not more than six months, or by both fine and imprisonment. The City Council may establish from time to time by resolution an increase in the amount of the fine.

(e)     **Severability.** If any subsection, sentence, clause, or phrase of this Section is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, such decision shall not affect the validity of the remaining portions of this ordinance. The City Council hereby declares that it would have adopted this Section, and each and every subsection, sentence, clause and phrase thereof not declared invalid or unconstitutional, without regard to whether any portion of the ordinance would be subsequently declared invalid or unconstitutional.

Sec. 2. Los Angeles Municipal Code Section 87.54 is amended to read as follows:

## SEC. 87.54. REGULATION OF ADVERTISING SIGNS ON MOTOR VEHICLES PARKED OR LEFT STANDING ON CITY STREETS OR PUBLIC LANDS.

A motor vehicle may contain advertising signs that are painted directly upon or are permanently affixed to the body of, an integral part of, or fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend beyond the overall length, width, or height of the vehicle. Advertising signs that are painted directly upon or permanently affixed to a motor vehicle shall not be painted directly upon or permanently affixed in such a manner as to make the motor vehicle unsafe to be driven, moved, parked or left standing on any public street or public lands in the City. Motor vehicles that pose a safety hazard shall be impounded pursuant to California Vehicle Code Section 22651(b).

(a)     **Post Storage Impound Hearing.** Section 22852 of the California Vehicle Code applies to this Section with respect to the removal of any motor vehicle for being in an unsafe condition pursuant to California Vehicle Code Section 22651(b). Section 22852 is incorporated by reference as if set forth in full herein and provides, in summary, that whenever an authorized employee of the City directs the storage of a vehicle, the City shall direct the storage operator to provide the vehicle's registered and legal owner(s) of record, or their agent(s), with the opportunity for a post-storage hearing to determine the validity of the storage. Notice of the storage shall be mailed or personally delivered to the registered and legal owner(s) within 48 hours, excluding weekends, as specifically provided for under Section 22852 of the California Vehicle Code. To receive a post-storage hearing, the owner(s) of record, or their agent(s), must request a hearing in person, in writing, or by telephone within ten days of the date appearing on the notice. The City may authorize its own officer or employee to conduct the hearing as long as the hearing officer is not the same person who directed the storage of the vehicle. A motor vehicle may contain advertising signs that are painted directly upon or are permanently affixed to the body of, an integral part of, or fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend

6

EXHIBIT 2                                          0000020

beyond the overall length, width, or height of the vehicle. Advertising signs that are painted directly upon or permanently affixed to a motor vehicle shall not be painted directly upon or permanently affixed in such a manner as to make the motor vehicle unsafe to be driven, moved, parked or left standing on any public street or public lands in the City.

The City finds and declares the following:

**WHEREAS,** temporary signs affixed to motor vehicles pose a significant public safety risk, particularly when the vehicle is involved in a collision, or is parked or driven during high wind conditions; therefore, permanently affixed signs for purposes of enforcement under this ordinance means that signs must be painted directly on the body of the vehicle, or decaled on the body of the vehicle, or placed in a location on the body of the vehicle that was specifically built by a registered manufacturer, in compliance with both federal and state safety guidelines or law, for the express purpose of containing an advertising sign.

(b)     **Violation -- Penalties.** After the initial warning citation, a subsequent offense of this Section is a misdemeanor, punishable upon conviction by a fine of not less than Two Hundred Fifty Dollars ($250), nor more than One Thousand Dollars ($1,000), or by imprisonment in the county jail for not more than six months, or by both fine and imprisonment. The City Council may establish from time to time by resolution an increase in the amount of the fine.

(c)     **Severability.** If any subsection, sentence, clause, or phrase of this Section is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, such decision shall not affect the validity of the remaining portions of this ordinance. The City Council hereby declares that it would have adopted this Section, and each and every subsection, sentence, clause and phrase thereof not declared invalid or unconstitutional, without regard to whether any portion of the ordinance would be subsequently declared invalid or unconstitutional.

Sec. 3.  **Urgency Clause.** Based on the findings set forth above, the Council adopts this ordinance as an urgency ordinance that is required for the preservation of the public peace, health and safety. Pursuant to Charter Section 253, this ordinance shall become effective upon publication.

7

EXHIBIT 2                                      0000021

Sec. 4. The City Clerk shall certify to the passage of this ordinance and have it published in accordance with Council policy, either in a daily newspaper circulated in the City of Los Angeles or by posting for ten days in three public places in the City of Los Angeles: one copy on the bulletin board located at the Main Street entrance to the Los Angeles City Hall; one copy on the bulletin board located at the Main Street entrance to the Los Angeles City Hall East; and one copy on the bulletin board located at the Temple Street entrance to the Los Angeles County Hall of Records.

I hereby certify that this ordinance was passed by the Council of the City of Los Angeles, **by a vote of not less than three-fourths** of all its members, at its meeting of _____ MAR 0 7 2012 _____.

JUNE LAGMAY, City Clerk

By _____
Deputy

MAR 0 9 2012
Approved _____

_____
Mayor

Approved as to Form and Legality

CARMEN A. TRUTANICH, City Attorney

By _____
MICHAEL D. NAGLE
Deputy City Attorney

Date ____ 2/13/2012 ____

File No. ____ 11-1532 ____

M:\GENERAL COUNSEL DIVISION\MICHAEL NAGLE\Ordinance\draft banning ad trailers attached to motor vehicles (8) REVISED.doc

8

EXHIBIT 2                    0000022

# EXHIBIT 3

**AB 1298**                     — 2 —

CHAPTER _____

An act to amend Sections 395.5 and 22651 of, and to repeal and amend Section 21100 of, the Vehicle Code, relating to vehicles.

LEGISLATIVE COUNSEL'S DIGEST

AB 1298, Blumenfield. Vehicles: parking: mobile billboard advertising displays.

(1) Existing law authorizes a local authority to regulate mobile billboard advertising displays. Existing law defines "mobile billboard advertising display" to mean an advertising display attached to nonmotorized vehicles for the primary purpose of advertising.

This bill would revise the definition of "mobile billboard advertising display." The bill would additionally authorize a local authority, subject to specified exceptions, to regulate advertising signs on motor vehicles parked or left standing upon a public street.

(2) This bill would delete an obsolete provision.

(3) This bill would incorporate additional changes in Section 22651 of the Vehicle Code proposed by SB 565, to be operative only if SB 565 and this bill are both chaptered and become effective on or before January 1, 2012, and this bill is chaptered last.

*The people of the State of California do enact as follows:*

SECTION 1. Section 395.5 of the Vehicle Code is amended to read:

395.5. A "mobile billboard advertising display" means an advertising display that is attached to a mobile, nonmotorized vehicle, device, or bicycle, that carries, pulls, or transports a sign or billboard, and is for the primary purpose of advertising.

SEC. 2. Section 21100 of the Vehicle Code, as amended by Chapter 615 of the Statutes of 2010, is repealed.

SEC. 3. Section 21100 of the Vehicle Code, as amended by Chapter 616 of the Statutes of 2010, is amended to read:

21100. Local authorities may adopt rules and regulations by ordinance or resolution regarding the following matters:

EXHIBIT 3                     0000023

— 3 —                              **AB 1298**

(a) Regulating or prohibiting processions or assemblages on the highways.

(b) Licensing and regulating the operation of vehicles for hire and drivers of passenger vehicles for hire.

(c) Regulating traffic by means of traffic officers.

(d) Regulating traffic by means of official traffic control devices meeting the requirements of Section 21400.

(e) (1) Regulating traffic by means of a person given temporary or permanent appointment for that duty by the local authority when official traffic control devices are disabled or otherwise inoperable, at the scenes of accidents or disasters, or at locations as may require traffic direction for orderly traffic flow.

(2) A person shall not be appointed pursuant to this subdivision unless and until the local authority has submitted to the commissioner or to the chief law enforcement officer exercising jurisdiction in the enforcement of traffic laws within the area in which the person is to perform the duty, for review, a proposed program of instruction for the training of a person for that duty, and unless and until the commissioner or other chief law enforcement officer approves the proposed program. The commissioner or other chief law enforcement officer shall approve a proposed program if he or she reasonably determines that the program will provide sufficient training for persons assigned to perform the duty described in this subdivision.

(f) Regulating traffic at the site of road or street construction or maintenance by persons authorized for that duty by the local authority.

(g) (1) Licensing and regulating the operation of tow truck service or tow truck drivers whose principal place of business or employment is within the jurisdiction of the local authority, excepting the operation and operators of any auto dismantlers' tow vehicle licensed under Section 11505 or any tow truck operated by a repossessing agency licensed under Chapter 11 (commencing with Section 7500) of Division 3 of the Business and Professions Code and its registered employees.

(2) The Legislature finds that the safety and welfare of the general public is promoted by permitting local authorities to regulate tow truck service companies and operators by requiring licensure, insurance, and proper training in the safe operation of towing equipment, thereby ensuring against towing mistakes that

95

EXHIBIT 3                              0000024

**AB 1298** — 4 —

may lead to violent confrontation, stranding motorists in dangerous situations, impeding the expedited vehicle recovery, and wasting state and local law enforcement's limited resources.

(3) This subdivision does not limit the authority of a city or city and county pursuant to Section 12111.

(h) Operation of bicycles, and, as specified in Section 21114.5, electric carts by physically disabled persons, or persons 50 years of age or older, on the public sidewalks.

(i) Providing for the appointment of nonstudent school crossing guards for the protection of persons who are crossing a street or highway in the vicinity of a school or while returning thereafter to a place of safety.

(j) Regulating the methods of deposit of garbage and refuse in streets and highways for collection by the local authority or by any person authorized by the local authority.

(k) (1) Regulating cruising.

(2) The ordinance or resolution adopted pursuant to this subdivision shall regulate cruising, which is the repetitive driving of a motor vehicle past a traffic control point in traffic that is congested at or near the traffic control point, as determined by the ranking peace officer on duty within the affected area, within a specified time period and after the vehicle operator has been given an adequate written notice that further driving past the control point will be a violation of the ordinance or resolution.

(3) A person is not in violation of an ordinance or resolution adopted pursuant to this subdivision unless both of the following apply:

(A) That person has been given the written notice on a previous driving trip past the control point and then again passes the control point in that same time interval.

(B) The beginning and end of the portion of the street subject to cruising controls are clearly identified by signs that briefly and clearly state the appropriate provisions of this subdivision and the local ordinance or resolution on cruising.

(*l*) Regulating or authorizing the removal by peace officers of vehicles unlawfully parked in a fire lane, as described in Section 22500.1, on private property. A removal pursuant to this subdivision shall be consistent, to the extent possible, with the procedures for removal and storage set forth in Chapter 10 (commencing with Section 22650).

95

EXHIBIT 3                    0000025

—5—                          AB 1298

(m) Regulating mobile billboard advertising displays, as defined in Section 395.5, including the establishment of penalties, which may include, but are not limited to, removal of the mobile billboard advertising display and misdemeanor criminal penalties, for a violation of the ordinance or resolution. The ordinance or resolution may establish a minimum distance that a mobile billboard advertising display shall be moved after a specified time period.

(n) Licensing and regulating the operation of pedicabs for hire, as defined in Section 467.5, and operators of pedicabs for hire, including requiring one or more of the following documents:

(1) A valid California driver's license.

(2) Proof of successful completion of a bicycle safety training course certified by the League of American Bicyclists or an equivalent organization as determined by the local authority.

(3) A valid California identification card and proof of successful completion of the written portion of the California driver's license examination administered by the department. The department shall administer, without charging a fee, the original driver's license written examination on traffic laws and signs to a person who states that he or she is, or intends to become, a pedicab operator, and who holds a valid California identification card or has successfully completed an application for a California identification card. If the person achieves a passing score on the examination, the department shall issue a certificate of successful completion of the examination, bearing the person's name and identification card number. The certificate shall not serve in lieu of successful completion of the required examination administered as part of any subsequent application for a driver's license. The department is not required to enter the results of the examination into the computerized record of the person's identification card or otherwise retain a record of the examination or results.

(o) (1) This section does not authorize a local authority to enact or enforce an ordinance or resolution that establishes a violation if a violation for the same or similar conduct is provided in this code, nor does it authorize a local authority to enact or enforce an ordinance or resolution that assesses a fine, penalty, assessment, or fee for a violation if a fine, penalty, assessment, or fee for a violation involving the same or similar conduct is provided in this code.

95

EXHIBIT 3                                0000026

**AB 1298** —6—

(2) This section does not preclude a local authority from enacting parking ordinances pursuant to existing authority in Chapter 9 (commencing with Section 22500) of Division 11.

(p) (1) Regulating advertising signs on motor vehicles parked or left standing upon a public street. The ordinance or resolution may establish a minimum distance that the advertising sign shall be moved after a specified time period.

(2) Paragraph (1) does not apply to advertising signs that are painted directly upon or are permanently affixed to the body of, an integral part of, or fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend beyond the overall length, width, or heighth of the vehicle.

SEC. 4. Section 22651 of the Vehicle Code is amended to read:

22651. A peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or a regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations, of a city, county, or jurisdiction of a state agency in which a vehicle is located, may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances:

(a) When a vehicle is left unattended upon a bridge, viaduct, or causeway or in a tube or tunnel where the vehicle constitutes an obstruction to traffic.

(b) When a vehicle is parked or left standing upon a highway in a position so as to obstruct the normal movement of traffic or in a condition so as to create a hazard to other traffic upon the highway.

(c) When a vehicle is found upon a highway or public land and a report has previously been made that the vehicle is stolen or a complaint has been filed and a warrant thereon is issued charging that the vehicle was embezzled.

(d) When a vehicle is illegally parked so as to block the entrance to a private driveway and it is impractical to move the vehicle from in front of the driveway to another point on the highway.

(e) When a vehicle is illegally parked so as to prevent access by firefighting equipment to a fire hydrant and it is impracticable to move the vehicle from in front of the fire hydrant to another point on the highway.

95

EXHIBIT 3

0000027

— 7 —                    AB 1298

(f) When a vehicle, except highway maintenance or construction equipment, is stopped, parked, or left standing for more than four hours upon the right-of-way of a freeway that has full control of access and no crossings at grade and the driver, if present, cannot move the vehicle under its own power.

(g) When the person in charge of a vehicle upon a highway or public land is, by reason of physical injuries or illness, incapacitated to an extent so as to be unable to provide for its custody or removal.

(h) (1) When an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody.

(2) When an officer serves a notice of an order of suspension or revocation pursuant to Section 13388 or 13389.

(i) (1) When a vehicle, other than a rented vehicle, is found upon a highway or public land, or is removed pursuant to this code, and it is known that the vehicle has been issued five or more notices of parking violations to which the owner or person in control of the vehicle has not responded within 21 calendar days of notice of citation issuance or citation issuance or 14 calendar days of the mailing of a notice of delinquent parking violation to the agency responsible for processing notices of parking violations, or the registered owner of the vehicle is known to have been issued five or more notices for failure to pay or failure to appear in court for traffic violations for which a certificate has not been issued by the magistrate or clerk of the court hearing the case showing that the case has been adjudicated or concerning which the registered owner's record has not been cleared pursuant to Chapter 6 (commencing with Section 41500) of Division 17, the vehicle may be impounded until that person furnishes to the impounding law enforcement agency all of the following:

(A) Evidence of his or her identity.

(B) An address within this state at which he or she can be located.

(C) Satisfactory evidence that all parking penalties due for the vehicle and all other vehicles registered to the registered owner of the impounded vehicle, and all traffic violations of the registered owner, have been cleared.

95

EXHIBIT 3                    0000028

**AB 1298** — 8 —

(2) The requirements in subparagraph (C) of paragraph (1) shall be fully enforced by the impounding law enforcement agency on and after the time that the Department of Motor Vehicles is able to provide access to the necessary records.

(3) A notice of parking violation issued for an unlawfully parked vehicle shall be accompanied by a warning that repeated violations may result in the impounding of the vehicle. In lieu of furnishing satisfactory evidence that the full amount of parking penalties or bail has been deposited, that person may demand to be taken without unnecessary delay before a magistrate, for traffic offenses, or a hearing examiner, for parking offenses, within the county in which the offenses charged are alleged to have been committed and who has jurisdiction of the offenses and is nearest or most accessible with reference to the place where the vehicle is impounded. Evidence of current registration shall be produced after a vehicle has been impounded, or, at the discretion of the impounding law enforcement agency, a notice to appear for violation of subdivision (a) of Section 4000 shall be issued to that person.

(4) A vehicle shall be released to the legal owner, as defined in Section 370, if the legal owner does all of the following:

(A) Pays the cost of towing and storing the vehicle.

(B) Submits evidence of payment of fees as provided in Section 9561.

(C) Completes an affidavit in a form acceptable to the impounding law enforcement agency stating that the vehicle was not in possession of the legal owner at the time of occurrence of the offenses relating to standing or parking. A vehicle released to a legal owner under this subdivision is a repossessed vehicle for purposes of disposition or sale. The impounding agency shall have a lien on any surplus that remains upon sale of the vehicle to which the registered owner is or may be entitled, as security for the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5. The legal owner shall promptly remit to, and deposit with, the agency responsible for processing notices of parking violations from that surplus, on receipt of that surplus, the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5.

95

EXHIBIT 3                    0000029

— 9 —                                    AB 1298

(5) The impounding agency that has a lien on the surplus that remains upon the sale of a vehicle to which a registered owner is entitled pursuant to paragraph (4) has a deficiency claim against the registered owner for the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5, less the amount received from the sale of the vehicle.

(j) When a vehicle is found illegally parked and there are no license plates or other evidence of registration displayed, the vehicle may be impounded until the owner or person in control of the vehicle furnishes the impounding law enforcement agency evidence of his or her identity and an address within this state at which he or she can be located.

(k) When a vehicle is parked or left standing upon a highway for 72 or more consecutive hours in violation of a local ordinance authorizing removal.

(l) When a vehicle is illegally parked on a highway in violation of a local ordinance forbidding standing or parking and the use of a highway, or a portion thereof, is necessary for the cleaning, repair, or construction of the highway, or for the installation of underground utilities, and signs giving notice that the vehicle may be removed are erected or placed at least 24 hours prior to the removal by a local authority pursuant to the ordinance.

(m) When the use of the highway, or a portion of the highway, is authorized by a local authority for a purpose other than the normal flow of traffic or for the movement of equipment, articles, or structures of unusual size, and the parking of a vehicle would prohibit or interfere with that use or movement, and signs giving notice that the vehicle may be removed are erected or placed at least 24 hours prior to the removal by a local authority pursuant to the ordinance.

(n) Whenever a vehicle is parked or left standing where local authorities, by resolution or ordinance, have prohibited parking and have authorized the removal of vehicles. Except as provided in subdivisions (v) and (w), a vehicle shall not be removed unless signs are posted giving notice of the removal.

(o) (1) When a vehicle is found or operated upon a highway, public land, or an offstreet parking facility under the following circumstances:

95

EXHIBIT 3                                        0000030

**AB 1298** — 10 —

(A) With a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the offstreet parking facility.

(B) Displaying in, or upon, the vehicle, a registration card, identification card, temporary receipt, license plate, special plate, registration sticker, device issued pursuant to Section 4853, or permit that was not issued for that vehicle, or is not otherwise lawfully used on that vehicle under this code.

(C) Displaying in, or upon, the vehicle, an altered, forged, counterfeit, or falsified registration card, identification card, temporary receipt, license plate, special plate, registration sticker, device issued pursuant to Section 4853, or permit.

(2) When a vehicle described in paragraph (1) is occupied, only a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, may remove the vehicle.

(3) For the purposes of this subdivision, the vehicle shall be released to the owner or person in control of the vehicle only after the owner or person furnishes the storing law enforcement agency with proof of current registration and a currently valid driver's license to operate the vehicle.

(4) As used in this subdivision, "offstreet parking facility" means an offstreet facility held open for use by the public for parking vehicles and includes a publicly owned facility for offstreet parking, and a privately owned facility for offstreet parking if a fee is not charged for the privilege to park and it is held open for the common public use of retail customers.

(p) When the peace officer issues the driver of a vehicle a notice to appear for a violation of Section 12500, 14601, 14601.1, 14601.2, 14601.3, 14601.4, 14601.5, or 14604 and the vehicle is not impounded pursuant to Section 22655.5. A vehicle so removed from the highway or public land, or from private property after having been on a highway or public land, shall not be released to the registered owner or his or her agent, except upon presentation of the registered owner's or his or her agent's currently valid driver's license to operate the vehicle and proof of current vehicle registration, or upon order of a court.

(q) When a vehicle is parked for more than 24 hours on a portion of highway that is located within the boundaries of a common interest development, as defined in subdivision (c) of Section 1351

95

EXHIBIT 3                    0000031

— 11 —                           AB 1298

of the Civil Code, and signs, as required by paragraph (1) of subdivision (a) of Section 22658 of this code, have been posted on that portion of highway providing notice to drivers that vehicles parked thereon for more than 24 hours will be removed at the owner's expense, pursuant to a resolution or ordinance adopted by the local authority.

(r) When a vehicle is illegally parked and blocks the movement of a legally parked vehicle.

(s) (1) When a vehicle, except highway maintenance or construction equipment, an authorized emergency vehicle, or a vehicle that is properly permitted or otherwise authorized by the Department of Transportation, is stopped, parked, or left standing for more than eight hours within a roadside rest area or viewpoint.

(2) Notwithstanding paragraph (1), when a commercial motor vehicle, as defined in paragraph (1) of subdivision (b) of Section 15210, is stopped, parked, or left standing for more than 10 hours within a roadside rest area or viewpoint.

(3) For purposes of this subdivision, a roadside rest area or viewpoint is a publicly maintained vehicle parking area, adjacent to a highway, utilized for the convenient, safe stopping of a vehicle to enable motorists to rest or to view the scenery. If two or more roadside rest areas are located on opposite sides of the highway, or upon the center divider, within seven miles of each other, then that combination of rest areas is considered to be the same rest area.

(t) When a peace officer issues a notice to appear for a violation of Section 25279.

(u) When a peace officer issues a citation for a violation of Section 11700 and the vehicle is being offered for sale.

(v) (1) When a vehicle is a mobile billboard advertising display, as defined in Section 395.5, and is parked or left standing in violation of a local resolution or ordinance adopted pursuant to subdivision (m) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2).

(2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance prohibiting mobile billboard advertising displays adopted pursuant to subdivision (m) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that

95

EXHIBIT 3                                    0000032

AB 1298                    — 12 —

he or she may be subject to penalties upon a subsequent violation of the ordinance, that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance.

(w) (1) When a vehicle is parked or left standing in violation of a local ordinance or resolution adopted pursuant to subdivision (p) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2).

(2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance regulating advertising signs adopted pursuant to subdivision (p) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance.

SEC. 4.5.   Section 22651 of the Vehicle Code is amended to read:

22651.   A peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or a regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations, of a city, county, or jurisdiction of a state agency in which a vehicle is located, may remove a vehicle located within the territorial limits in which the officer or employee may act, under the following circumstances:

(a) When a vehicle is left unattended upon a bridge, viaduct, or causeway or in a tube or tunnel where the vehicle constitutes an obstruction to traffic.

(b) When a vehicle is parked or left standing upon a highway in a position so as to obstruct the normal movement of traffic or in a condition so as to create a hazard to other traffic upon the highway.

(c) When a vehicle is found upon a highway or public land and a report has previously been made that the vehicle is stolen or a

EXHIBIT 3                    0000033

— 13 —                          **AB 1298**

complaint has been filed and a warrant thereon is issued charging that the vehicle was embezzled.

(d) When a vehicle is illegally parked so as to block the entrance to a private driveway and it is impractical to move the vehicle from in front of the driveway to another point on the highway.

(e) When a vehicle is illegally parked so as to prevent access by firefighting equipment to a fire hydrant and it is impracticable to move the vehicle from in front of the fire hydrant to another point on the highway.

(f) When a vehicle, except highway maintenance or construction equipment, is stopped, parked, or left standing for more than four hours upon the right-of-way of a freeway that has full control of access and no crossings at grade and the driver, if present, cannot move the vehicle under its own power.

(g) When the person in charge of a vehicle upon a highway or public land is, by reason of physical injuries or illness, incapacitated to an extent so as to be unable to provide for its custody or removal.

(h) (1) When an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody.

(2) When an officer serves a notice of an order of suspension or revocation pursuant to Section 13388 or 13389.

(i) (1) When a vehicle, other than a rented vehicle, is found upon a highway or public land, or is removed pursuant to this code, and it is known that the vehicle has been issued five or more notices of parking violations to which the owner or person in control of the vehicle has not responded within 21 calendar days of notice of citation issuance or citation issuance or 14 calendar days of the mailing of a notice of delinquent parking violation to the agency responsible for processing notices of parking violations, or the registered owner of the vehicle is known to have been issued five or more notices for failure to pay or failure to appear in court for traffic violations for which a certificate has not been issued by the magistrate or clerk of the court hearing the case showing that the case has been adjudicated or concerning which the registered owner's record has not been cleared pursuant to Chapter 6 (commencing with Section 41500) of Division 17, the vehicle may

95

EXHIBIT 3                          0000034

**AB 1298** — 14 —

be impounded until that person furnishes to the impounding law enforcement agency all of the following:

(A) Evidence of his or her identity.

(B) An address within this state at which he or she can be located.

(C) Satisfactory evidence that all parking penalties due for the vehicle and all other vehicles registered to the registered owner of the impounded vehicle, and all traffic violations of the registered owner, have been cleared.

(2) The requirements in subparagraph (C) of paragraph (1) shall be fully enforced by the impounding law enforcement agency on and after the time that the Department of Motor Vehicles is able to provide access to the necessary records.

(3) A notice of parking violation issued for an unlawfully parked vehicle shall be accompanied by a warning that repeated violations may result in the impounding of the vehicle. In lieu of furnishing satisfactory evidence that the full amount of parking penalties or bail has been deposited, that person may demand to be taken without unnecessary delay before a magistrate, for traffic offenses, or a hearing examiner, for parking offenses, within the county in which the offenses charged are alleged to have been committed and who has jurisdiction of the offenses and is nearest or most accessible with reference to the place where the vehicle is impounded. Evidence of current registration shall be produced after a vehicle has been impounded, or, at the discretion of the impounding law enforcement agency, a notice to appear for violation of subdivision (a) of Section 4000 shall be issued to that person.

(4) A vehicle shall be released to the legal owner, as defined in Section 370, if the legal owner does all of the following:

(A) Pays the cost of towing and storing the vehicle.

(B) Submits evidence of payment of fees as provided in Section 9561.

(C) Completes an affidavit in a form acceptable to the impounding law enforcement agency stating that the vehicle was not in possession of the legal owner at the time of occurrence of the offenses relating to standing or parking. A vehicle released to a legal owner under this subdivision is a repossessed vehicle for purposes of disposition or sale. The impounding agency shall have a lien on any surplus that remains upon sale of the vehicle to which

95

EXHIBIT 3                                        0000035

— 15 —                                    **AB 1298**

the registered owner is or may be entitled, as security for the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5. The legal owner shall promptly remit to, and deposit with, the agency responsible for processing notices of parking violations from that surplus, on receipt of that surplus, the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5.

(5) The impounding agency that has a lien on the surplus that remains upon the sale of a vehicle to which a registered owner is entitled pursuant to paragraph (4) has a deficiency claim against the registered owner for the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5, less the amount received from the sale of the vehicle.

(j) When a vehicle is found illegally parked and there are no license plates or other evidence of registration displayed, the vehicle may be impounded until the owner or person in control of the vehicle furnishes the impounding law enforcement agency evidence of his or her identity and an address within this state at which he or she can be located.

(k) When a vehicle is parked or left standing upon a highway for 72 or more consecutive hours in violation of a local ordinance authorizing removal.

(l) When a vehicle is illegally parked on a highway in violation of a local ordinance forbidding standing or parking and the use of a highway, or a portion thereof, is necessary for the cleaning, repair, or construction of the highway, or for the installation of underground utilities, and signs giving notice that the vehicle may be removed are erected or placed at least 24 hours prior to the removal by a local authority pursuant to the ordinance.

(m) When the use of the highway, or a portion of the highway, is authorized by a local authority for a purpose other than the normal flow of traffic or for the movement of equipment, articles, or structures of unusual size, and the parking of a vehicle would prohibit or interfere with that use or movement, and signs giving notice that the vehicle may be removed are erected or placed at least 24 hours prior to the removal by a local authority pursuant to the ordinance.

95

EXHIBIT 3                                    0000036

AB 1298                    — 16 —

(n) Whenever a vehicle is parked or left standing where local authorities, by resolution or ordinance, have prohibited parking and have authorized the removal of vehicles. Except as provided in subdivisions (v) and (w), a vehicle shall not be removed unless signs are posted giving notice of the removal.

(o) (1) When a vehicle is found or operated upon a highway, public land, or an offstreet parking facility under the following circumstances:

(A) With a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the offstreet parking facility.

(B) Displaying in, or upon, the vehicle, a registration card, identification card, temporary receipt, license plate, special plate, registration sticker, device issued pursuant to Section 4853, or permit that was not issued for that vehicle, or is not otherwise lawfully used on that vehicle under this code.

(C) Displaying in, or upon, the vehicle, an altered, forged, counterfeit, or falsified registration card, identification card, temporary receipt, license plate, special plate, registration sticker, device issued pursuant to Section 4853, or permit.

(2) When a vehicle described in paragraph (1) is occupied, only a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, may remove the vehicle.

(3) For the purposes of this subdivision, the vehicle shall be released under either of the following circumstances:

(A) To the registered owner or person in control of the vehicle only after the owner or person furnishes the storing law enforcement agency with proof of current registration and a currently valid driver's license to operate the vehicle.

(B) To the legal owner or the legal owner's agency, without payment of any fees, fines, or penalties for parking tickets or registration and without proof of current registration, if the vehicle will only be transported pursuant to the exemption specified in Section 4022 and if the legal owner does all of the following:

(i) Pays the cost of towing and storing the vehicle.

(ii) Completes an affidavit in a form acceptable to the impounding law enforcement agency stating that the vehicle was not in possession of the legal owner at the time of occurrence of an offense relating to standing or parking. A vehicle released to a

95

EXHIBIT 3                    0000037

— 17 —                    AB 1298

legal owner under this subdivision is a repossessed vehicle for purposes of disposition or sale. The impounding agency has a lien on any surplus that remains upon sale of the vehicle to which the registered owner is or may be entitled, as security for the full amount of parking penalties for any notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5. Upon receipt of any surplus, the legal owner shall promptly remit to, and deposit with, the agency responsible for processing notices of parking violations from that surplus, the full amount of the parking penalties for all notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5.

(4) The impounding agency that has a lien on the surplus that remains upon the sale of a vehicle to which a registered owner is entitled has a deficiency claim against the registered owner for the full amount of parking penalties for any notices of parking violations issued for the vehicle and for all local administrative charges imposed pursuant to Section 22850.5, less the amount received from the sale of the vehicle.

(5) As used in this subdivision, "offstreet parking facility" means an offstreet facility held open for use by the public for parking vehicles and includes a publicly owned facility for offstreet parking, and a privately owned facility for offstreet parking if a fee is not charged for the privilege to park and it is held open for the common public use of retail customers.

(p) When the peace officer issues the driver of a vehicle a notice to appear for a violation of Section 12500, 14601, 14601.1, 14601.2, 14601.3, 14601.4, 14601.5, or 14604 and the vehicle is not impounded pursuant to Section 22655.5. A vehicle so removed from the highway or public land, or from private property after having been on a highway or public land, shall not be released to the registered owner or his or her agent, except upon presentation of the registered owner's or his or her agent's currently valid driver's license to operate the vehicle and proof of current vehicle registration, or upon order of a court.

(q) When a vehicle is parked for more than 24 hours on a portion of highway that is located within the boundaries of a common interest development, as defined in subdivision (c) of Section 1351 of the Civil Code, and signs, as required by paragraph (1) of subdivision (a) of Section 22658 of this code, have been posted

EXHIBIT 3                                     0000038

**AB 1298**                    — 18 —

on that portion of highway providing notice to drivers that vehicles parked thereon for more than 24 hours will be removed at the owner's expense, pursuant to a resolution or ordinance adopted by the local authority.

(r) When a vehicle is illegally parked and blocks the movement of a legally parked vehicle.

(s) (1) When a vehicle, except highway maintenance or construction equipment, an authorized emergency vehicle, or a vehicle that is properly permitted or otherwise authorized by the Department of Transportation, is stopped, parked, or left standing for more than eight hours within a roadside rest area or viewpoint.

(2) Notwithstanding paragraph (1), when a commercial motor vehicle, as defined in paragraph (1) of subdivision (b) of Section 15210, is stopped, parked, or left standing for more than 10 hours within a roadside rest area or viewpoint.

(3) For purposes of this subdivision, a roadside rest area or viewpoint is a publicly maintained vehicle parking area, adjacent to a highway, utilized for the convenient, safe stopping of a vehicle to enable motorists to rest or to view the scenery. If two or more roadside rest areas are located on opposite sides of the highway, or upon the center divider, within seven miles of each other, then that combination of rest areas is considered to be the same rest area.

(t) When a peace officer issues a notice to appear for a violation of Section 25279.

(u) When a peace officer issues a citation for a violation of Section 11700 and the vehicle is being offered for sale.

(v) (1) When a vehicle is a mobile billboard advertising display, as defined in Section 395.5, and is parked or left standing in violation of a local resolution or ordinance adopted pursuant to subdivision (m) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2).

(2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance prohibiting mobile billboard advertising displays adopted pursuant to subdivision (m) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance, that may include the removal of the vehicle as

95

EXHIBIT 3                                    0000039

— 19 —                                **AB 1298**

provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance.

(w) (1) When a vehicle is parked or left standing in violation of a local ordinance or resolution adopted pursuant to subdivision (p) of Section 21100, if the registered owner of the vehicle was previously issued a warning citation for the same offense, pursuant to paragraph (2).

(2) Notwithstanding subdivision (a) of Section 22507, a city or county, in lieu of posting signs noticing a local ordinance regulating advertising signs adopted pursuant to subdivision (p) of Section 21100, may provide notice by issuing a warning citation advising the registered owner of the vehicle that he or she may be subject to penalties upon a subsequent violation of the ordinance that may include the removal of the vehicle as provided in paragraph (1). A city or county is not required to provide further notice for a subsequent violation prior to the enforcement of penalties for a violation of the ordinance.

SEC. 5.   Section 4.5 of this bill incorporates amendments to Section 22651 of the Vehicle Code proposed by both this bill and SB 565. It shall only become operative if (1) both bills are enacted and become effective on or before January 1, 2012, (2) each bill amends Section 22651 of the Vehicle Code, and (3) this bill is enacted after SB 565, in which case Section 4 of this bill shall not become operative.

95

EXHIBIT 3                                        0000040

# EXHIBIT 4

ORDINANCE NO. ___182516___

An ordinance amending Los Angeles Municipal Code Section 87.54 to conform to recent amendments made by the State Legislature to California Vehicle Code Section 21100(p)(2) regulating advertising signs on motor vehicles.

The City finds and declares the following:

WHEREAS, temporary signs affixed to motor vehicles pose a significant public safety risk, particularly when the vehicle is involved in a collision or is parked or driven during high wind conditions; and

WHEREAS, advertising signs improperly attached to a motor vehicle or placed entirely over the windows of the motor vehicle or that exceed the length, width or height of the vehicle pose a safety risk to vehicular traffic and to pedestrians; and

WHEREAS, the City, in adopting this ordinance, finds, and in the past has found, that "permanently affixed signs" for purposes of enforcement under this ordinance means that signs must be painted directly on the body of the vehicle, or decaled on the body of the vehicle, or placed in a location on the body of the vehicle that was specifically built by a registered manufacturer, in compliance with both federal and state safety guidelines or law, for the express purpose of containing an advertising sign; and

WHEREAS, the State Legislature recently amended Section 21100(p)(2) of the California Vehicle Code to adopt, with minor changes, the City's definition of "permanently affixed signs," stating that "permanently affixed" means any of the following: (a) painted directly on the body of a motor vehicle; (b) applied as a decal on the body of a motor vehicle; (c) placed in a location on the body of a motor vehicle that was specifically designed by a vehicle manufacturer as defined in California Vehicle Code Section 672 and licensed pursuant to California Vehicle Code Section 11701, in compliance with both state and federal law or guidelines, for the express purpose of containing an advertising sign; and

WHEREAS, the State Legislature further amended California Vehicle Code Section 21100(p)(2) to allow an advertisement on a license plate frame and/or a paper advertisement issued by a motor vehicle dealer contained within a license plate frame, as long as the license plate frame has been installed in compliance with California Vehicle Code Section 5201.

NOW, THEREFORE,

THE PEOPLE OF THE CITY OF LOS ANGELES
DO ORDAIN AS FOLLOWS:

Section 1. Section 87.54 of the Los Angeles Municipal Code is amended to read as follows:

1

EXHIBIT 4                                      0000041

### SEC. 87.54. REGULATION OF ADVERTISING SIGNS ON MOTOR VEHICLES PARKED OR LEFT STANDING ON CITY STREETS OR PUBLIC LANDS.

A motor vehicle may contain advertising signs that are painted directly upon or are permanently affixed to the body of, an integral part of, or fixture of a motor vehicle for permanent decoration, identification, or display and that do not extend beyond the overall length, width, or height of the vehicle. "Permanently affixed" means any of the following: (a) painted directly on the body of a motor vehicle; (b) applied as a decal on the body of a motor vehicle; (c) placed in a location on the body of a motor vehicle that was specifically designed by a vehicle manufacturer as defined in California Vehicle Code Section 672 and licensed pursuant to California Vehicle Code Section 11701, in compliance with both state and federal law or guidelines, for the express purpose of containing an advertising sign. A license plate frame installed in compliance with California Vehicle Code Section 5201 may contain an advertisement on that license plate frame and/or a paper advertisement contained within the license plate frame if the paper advertisement was issued by a motor vehicle dealer. A motor vehicle in violation of this Section may be impounded pursuant to California Vehicle Code Section 22651(w), Subsections (1) and (2).

(a) **Post Storage Impound Hearing.** Section 22852 of the California Vehicle Code applies to this Section with respect to the removal of any motor vehicle pursuant to California Vehicle Code Section 22651(w)(1). Section 22852 is incorporated by reference as if set forth in full herein and provides, in summary, that whenever an authorized employee of the City directs the storage of a vehicle, the City shall direct the storage operator to provide the vehicle's registered and legal owner(s) of record, or their agent(s), with the opportunity for a post-storage hearing to determine the validity of the storage. Notice of the storage shall be mailed or personally delivered to the registered and legal owner(s) within 48 hours, excluding weekends, as specifically provided for under Section 22852 of the California Vehicle Code. To receive a post-storage hearing, the owner(s) of record, or their agent(s), must request a hearing, in person, in writing or by telephone, within ten days of the date appearing on the notice. The City may authorize its own officer or employee to conduct the hearing as long as the hearing officer is not the same person who directed the storage of the vehicle.

(b) **Violation - Penalties.** After the initial warning citation, a subsequent offense of this Section is a misdemeanor, punishable upon conviction by a fine of not less than Two Hundred Fifty Dollars ($250.00), nor more than One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for not more than six months, or by both fine and imprisonment. The City Council may establish from time to time by resolution an increase in the amount of the fine.

(c) **Severability.** If any subsection, sentence, clause, or phrase of this Section is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, such decision shall not affect the validity of the remaining portions of this Section. The City Council hereby declares that it would have adopted this Section, and each and every subsection, sentence, clause and phrase thereof not declared invalid or

2

EXHIBIT 4                    0000042

unconstitutional, without regard to whether any portion of the ordinance would be subsequently declared invalid or unconstitutional.

Sec. 2. **Urgency Clause.** Based on the findings set forth above, the Council adopts this ordinance as an urgency ordinance that is required for the preservation of the public peace, health and safety. Pursuant to Charter Section 253, this ordinance shall become effective upon publication.

3

EXHIBIT 4                                          0000043

Sec. 3.  The City Clerk shall certify to the passage of this ordinance and have it
published in accordance with Council policy, either in a daily newspaper circulated
in the City of Los Angeles or by posting for ten days in three public places in the City of
Los Angeles:  one copy on the bulletin board located at the Main Street entrance to the
Los Angeles City Hall; one copy on the bulletin board located at the Main Street
entrance to the Los Angeles City Hall East; and one copy on the bulletin board located
at the Temple Street entrance to the Los Angeles County Hall of Records.

I hereby certify that this ordinance was passed by the Council of the City of
Los Angeles, **by a vote of not less than three-fourths** of all its members, at its
meeting of ___ **APR 1 7 2013** ___ .

JUNE LAGMAY, City Clerk

By _____
                                     Deputy

                                     Mayor

'APR 2 4 2013

Approved _____

Approved as to Form and Legality

CARMEN A. TRUTANICH, City Attorney

By _____
        MICHAEL D. NAGLE
        Deputy City Attorney

Date ___ 12/6/2012 ___

File No. CF 11-1532 _____

M:\GENERAL COUNSEL DIVISION\MICHAEL NAGLE\Ordinance\Draft Ord. amending Section 87.54.doc

4

EXHIBIT 4                                    0000044